**ORIGINAL**

# In the United States Court of Federal Claims

No. 17-1026 C
(Filed: August 7, 2017)
**NOT FOR PUBLICATION**

| | | |
|---|---|---|
| ETISHA HAMILTON, | ) ) ) | *Pro Se*; *Sua Sponte* Dismissal; Lack of Subject Matter of Jurisdiction; Claims Against State Officials and Agencies |
| *Pro Se* Plaintiff, | ) ) | |
| v. | ) ) ) | **FILED** |
| THE UNITED STATES, | ) ) ) | AUG - 7 2017 |
| Defendant. | ) ) ) | U.S. COURT OF FEDERAL CLAIMS |

**ORDER OF DISMISSAL**

The complaint in this case was filed by plaintiff Etisha Hamilton proceeding *pro se* on July 28, 2017. Ms. Hamilton alleges that in 2013, she resigned from her job at the City of Houston Public Library after her co-workers "got together and started calling [her] a lesbian" and "announced [she] was a lesbian to the whole city." Compl. at 1. Subsequently, Ms. Hamilton alleges that the "government ordered this technology that transmitted people's voices to me." *Id.* In 2014, Ms. Hamilton states that she was arrested during that time "police officers . . . said that everybody [had] seen my life history, could hear my private thoughts, see my visions, and hear what I say verbally at a whisper or out loud." *Id.* Ms. Hamilton alleges that at the time she was arrested, she was pregnant. *Id.* After "heavy vaginal bleeding," the government "made prison medical professionals tell me I'm not pregnant," but that in fact she was pregnant for the entirety of her three-year prison sentence. *Id.* Ms. Hamilton requests relief in the form of a court

order for an emergency C-section, for the government to remove the technology that transmits other people's thoughts to her, and for compensation for her pain and suffering.

For the reasons explained below, the court has determined that jurisdiction is lacking over all of plaintiff's claims. Accordingly, under Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC"), the action is **DISMISSED**.

## I.  STANDARD OF REVIEW

The jurisdiction of this court is set forth in the Tucker Act, which grants the court jurisdiction to hear claims against the United States founded upon "any Act of Congress or any regulation of an executive department . . . or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). However, because the Tucker Act "does not create any substantive right enforceable against the United States for money damages," a plaintiff must also rely on a relevant money-mandating federal statute, regulation, or provision of the Constitution in order to establish jurisdiction. *United States v. Testan*, 424 U.S. 392, 398 (1976).

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists . . . ." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). If the court lacks jurisdiction, it cannot proceed with the action and must dismiss the case. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Even if neither party challenges subject-matter jurisdiction, the court must evaluate the existence of subject matter jurisdiction for itself. *Id.* at 506. Rule of the Court of Federal Claims 12(h)(3) provides: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

2

In determining whether subject matter jurisdiction exists, the court will take factual allegations in the complaint as true and will construe them in the light most favorable to the plaintiff. *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). In addition, the pleadings of *pro se* plaintiffs will be held "'to less stringent standards than formal pleadings drafted by lawyers.'" *Johnson v. United States*, 411 F. App'x 303, 305 (Fed. Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, the court's leniency will not relieve the burden on a *pro se* plaintiff to meet jurisdictional requirements. *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007).

## II.  DISCUSSION

In order to avoid dismissal, the plaintiff must still demonstrate that her claims fall within the court's jurisdiction and that substantive law creates a right to money damages. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). As discussed below, this court finds that none of plaintiff's claims fall within that jurisdictional grant.

The Court of Federal Claims only has jurisdiction to hear claims against the United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941) (explaining that the court's "jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States, . . . and if the relief is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."). As this court explained in *Anderson v. United States*, the Court of Federal Claims lacks "jurisdiction over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees; jurisdiction only extends to suits against the United States itself." 117 Fed. Cl. 330, 331 (2014). Therefore, this

court lacks jurisdiction over all claims against parties other than the United States and all claims against those parties must be dismissed. In this case, though not entirely clear, plaintiff appears to be bringing her claims against the City of Houston Public Library and state law enforcement officials, not the federal government. Accordingly, the court lacks jurisdiction over Ms. Hamilton's claims against these actors.

Even if Ms. Hamilton intended to name federal law enforcement as the defendant in this action, she still has not identified a money-mandating statute as a source of this court's subject-matter jurisdiction. The only federal statute Ms. Hamilton cites is the Federal Privacy Act of 1974, 5 U.S.C. § 552a. However, this court does not have jurisdiction over violations of the Privacy Act, which "'expressly vests jurisdiction for such claims in the United States District Courts.'" *Addington v. United States*, 94 Fed. Cl. 779, 784 (2010) (quoting *Parker v. United States*, 77 Fed. Cl. 279, 291-92 (2007) *aff'd*, 280 Fed. Appx. 957 (Fed. Cir. 2008) (unpublished); 5 U.S.C. § 552a(g)(1)).

### III. CONCLUSION

For all of the above-stated reasons, plaintiff's complaint is **DISMISSED** in accordance with RCFC 12(h)(3) for lack of jurisdiction. The Clerk is directed to enter judgment accordingly.[1]

**IT IS SO ORDERED.**

NANCY B. FIRESTONE
Senior Judge

---

[1] Ms. Hamilton's motion to proceed *in forma pauperis*, Docket No. 4, is **DENIED AS MOOT**.